442 P.2d 925

**DESERET ARCHITECTS AND ENGINEERS and Northwestern National Insurance Company, Plaintiffs,**

v.

**The INDUSTRIAL COMMISSION of Utah, Murrel Hockenbury, Jr., Terminex, Inc., and the State Insurance Fund, Defendants.**

**No. 11139.**

Supreme Court of Utah.

June 24, 1968.

Frank J. Allen, Salt Lake City, for plaintiffs.

Phil L. Hansen, Atty. Gen., Robert D. Moore, Salt Lake City, for defendants.

HENRIOD, Justice:

Review of an Industrial Commission award directing payment thereof by plaintiffs. Affirmed.

The applicant for compensation who is a sort of middleman here, caring little who

pays, so long as he is paid, was a long-time employee of Terminex, an insect repellant company whose business, because of weather, insect bites, etc., is somewhat seasonal. During a slack period, in an oral understanding, Terminex sort of loaned its employee, Hockenbury, to the Deseret Architects in connection with a bomb shelter survey financed by the federal government. Under the loose terms of the "understanding," Hockenbury became what might be characterized as a lendee to Deseret, which instructed him what to do, subject to Terminex's right to terminate the relation instanter. The novel arrangement called for Deseret to pay Terminex the going salary rate of Terminex for Hockenbury's usual performance when working for Terminex. The latter kept Hockenbury on the payroll, with the usual concomitants of payroll deductions, taxes, etc., too numerous to mention here in our simple bureaucratic system.

The nub of this case: For whom was Hockenbury working at the time he suffered an icy injury to his fundament,— Terminex or Deseret? The Commission chose Deseret. We sustain the Commission on the facts, not necessarily on the well-worn pronouncement that if there is evidence to support the decision of the Commission, together with all reasonable inferences attendant thereto, we affirm,— but on the undisputed fact that *at the time of the accident,* Hockenbury for a consideration, actually was performing services for Deseret, which at that specific time was his boss, with complete control over his work, and where Hockenbury owed obeisance to Deseret. This, irrespective of the fact that his salary in a somewhat circuitous manner actually was being paid by Deseret through Terminex.

CROCKETT, C. J., and CALLISTER and TUCKETT, JJ., concur.

ELLETT, J., concurs in the result.